UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANICE HANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Cause No. 1:14-cv-235-WTL-DKL |
| UNUM LIFE INSURANCE COMPANY OF ) | |
| AMERICA, and PITT COUNTY ) | |
| MEMORIAL HOSPITAL, INC. GROUP ) | |
| LONG TERM DISABILITY PLAN, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendants' motion to dismiss Count II of Plaintiff's Amended Complaint (dkt. no. 12). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion, for the reasons set forth below.

### I.   STANDARD

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n,* 638 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

## II. PLAINTIFF'S ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Janice Hannon worked as a nurse at the Pitt County Memorial Hospital until December 2000, when she became disabled due to Ehlers-Danlos Syndrome.[1] As a result, Hannon applied for and received disability benefits through the Defendant Pitt County Memorial Hospital, Inc. Group Long Term Disability Plan. Defendant Unum Life Insurance Company of America issued the insurance policy to the Hospital's Disability Plan and handled all claims for benefits, including Hannon's.

On November 18, 2011, however, Unum terminated Hannon's benefits claiming that her "file no longer supported a disabling medical condition preventing her from performing the duties of an alternative gainful occupation." Am. Compl. at ¶ 23. Hannon appealed the decision, but her appeal was denied on June 1, 2012. That same day, Unum also notified Hannon that her life insurance benefits had also been discontinued by Unum's Benefits Center.

On July 12, 2012, Hannon filed a one-count complaint with this Court alleging that Unum and the Hospital's Disability Plan wrongfully terminated her benefits ("Hannon I"). On November 26, 2013, the Court entered summary judgment in Hannon's favor finding that "Unum acted arbitrarily and capriciously in both initially terminating her long-term disability benefits as well as [in] denying her appeal," and remanded the matter to Unum for further evaluation of Hannon's claim. *Hannon I*, 1:12-cv-992-WTL-DKL, Dkt. No. 62 at 19 (S.D. Ind. Nov. 26, 2013). On February 10, 2014, however, Unum denied Hannon's claim for a second

---

[1] According to Hannon, "Ehlers-Danlos Syndrome causes problems with collagen, the material providing strength and structure to the skin, bone, blood vessels, and internal organs. Symptoms include, but are not limited to, early arthritis, joint dislocation, joint pain and vision problems." Am. Compl. at ¶ 15.

2

time. As a result, on February 18, 2014, Hannon filed her second lawsuit against the Defendants ("Hannon II").

This time, Hannon's complaint alleges two counts. Count I contains a claim for the wrongful termination/denial of benefits under ERISA § 502(a)(1)(B) (identical to her claim in *Hannon I*). Count II, however, contains a new claim for disgorgement of profits under ERISA § 502(a)(3). As the basis for this new claim, Hannon's complaint cites specifically to *Rochow v. Life Ins. Co. of N. Am.*, 737 F.3d 415 (6th Cir. 2013) (holding that plaintiff could recover disgorged profits under § 502(a)(3) in addition to denied benefits under § 502(a)(1)(b)). On February 19, 2014, however, the day after Hannon filed her complaint, the Sixth Circuit vacated *Rochow* and granted a rehearing en banc.[2] Shortly thereafter, Hannon amended her complaint and removed the reference to *Rochow*. The amended complaint is otherwise identical to her original complaint in Hannon II. The Defendants now move the Court to dismiss Count II of Hannon's amended complaint.

### III. DISCUSSION

The Defendants' primary argument is simple: They maintain that a plaintiff cannot pursue a claim under ERISA § 502(a)(3) for the wrongful termination of benefits if plaintiff also asserts such a claim under ERISA § 502(a)(1)(B).[3] The Court agrees and now joins with

---

[2] As of the date of this Entry, the *Rochow* matter remains pending before the Sixth Circuit.

[3] The Defendants also argue that Count II should be dismissed because (1) Hannon's claim for disgorgement constitutes an impermissible claim for extracontractual damages, (2) by allowing a breach of fiduciary duty claim based on a denial of benefits, ERISA's primary purpose of providing for the efficient and inexpensive resolution of benefit disputes, would be ignored, (3) Hannon failed to exhaust her administrative remedies in relation to her § 502(a)(3) claim, and (4) Hannon failed to plead a plausible claim under § 502(a)(3). Because the Court is dismissing Count II on other grounds, the Court need not and does not address these additional arguments.

numerous other courts, particularly in the Northern District of Illinois, in reaching this conclusion. *See, e.g.*, *Andujar v. Sun Life Assurance Co. of Canada*, 14 C 2792, 2014 WL 4099800 (N.D. Ill. Aug. 20, 2014); *Gibbs v. Paul Revere Life Ins. Co.*, 13 C 8878, 2014 WL 3891762 (N.D. Ill. Aug. 8, 2014); *Jacquez v. Health and Welfare Dept. of the Construction and General Laborer's Dist. Counsel of Chicago and Vicinity*, 13 C 9221 (N.D. Ill. June 18, 2014); *Sexton v. Standard Ins. Co.*, 13 C 7761, 2014 WL 1745420 (N.D. Ill. Apr. 30, 2014); *Zuckerman v. United of Omaha Life Ins. Co.*, 09-CV-4819, 2010 WL 2927694 (N.D. Ill. July 21, 2010).

In this case, Hannon's claim for disgorgement of profits is based entirely on the Defendants' wrongful termination/denial of benefits. *See* Compl. at ¶ 41 ("In addition to the claim for benefits set forth above, *the forgoing course of conduct* constitutes a breach of fiduciary duty owed by Unum to Plaintiff the breach of which has caused Unum to be unjustly enriched; and therefore justifies the imposition of the remedy of disgorgement.") (emphasis added). In other words, the claims rely on identical factual allegations. "[C]ourts have concluded that where a plaintiff's §§ 502(a)(3) and 502(a)(1)(B) claims rely on identical . . . factual allegations, the § 502 claim must be dismissed." *Zuckerman*, 2010 WL 2927694 at *5 (citing *Jones v. American General Life and Acc. Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004)); *see also Gibbs*, 2014 WL 3891762 at *1 ("Plaintiff's contention that she may pursue claims under both § 502(a)(1)(B) and § 502(a)(3) conflicts with the principle that 'if relief is available to a plan participant under subsection (a)(1)(B), then that relief is unavailable under subsection (a)(3).'") (citing *Mondry v. Am. Family Mut. Ins. Co.,* 557 F.3d 781, 805 (7th Cir. 2009)).

Based on the same logic and reasoning discussed in *Andujar*, *Gibbs*, *Jacquez*, *Sexton*, and *Zuckerman*, the Court finds that Count II of Hannon's amended complaint must be dismissed.

"For her one injury, Plaintiff has an adequate remedy under § 502(a)(1)(B) and thus cannot sue under § 502(a)(3)." *Gibbs*, 2014 WL 3891762 at *1.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' motion to dismiss is **GRANTED**, and Count II of Plaintiff's complaint is dismissed.

SO ORDERED: 9/02/14

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.